1

2

3

4                             UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    CORY DEBARI, et al.,                      Case No.  24-cv-06596-JSC

8                   Plaintiffs,

9            v.                                **ORDER RE: DEFENDANTS' MOTION
                                               TO DISMISS OR STRIKE PORTIONS
10   WINIX GLOBAL LLC, et al.,                 OF THE COMPLAINT**

11                  Defendants.                Re: Dkt. No. 15

12

13          Plaintiffs allege Defendants falsely advertised their air purifiers as True HEPA-grade

14   filters. (Dkt. No. 1.)[1]  Defendants Winix Global LLC and Winix America, Inc. (Defendants) move

15   to dismiss for failure to state a claim both the complaint as a whole and the punitive damages

16   request, and to dismiss for lack of standing the putative nationwide class, claims for products not

17   purchased by Plaintiffs, and the request for injunctive relief.  (Dkt. No. 15.)  Having carefully

18   reviewed the parties' briefing and with the benefit of oral argument on January 9, 2025, the Court

19   GRANTS in part and DENIES in part Defendants' motion.

20                                        **BACKGROUND**

21   **I.      Complaint Allegations**

22          Defendants made false and misleading representations about the HEPA capabilities of its

23   "Winix Models 6300, P300, 5300, 5500, 5300-2, 6300-2, AM90, C909, 9800, C535 and C545."

24   (*Id.* ¶ 1.)  The first ten models recited above use the same filter (Filter A) and model C545 uses a

25   different filter (Filter S) though Defendants made the same "True HEPA" representation as to all

26   relevant models.  (*Id.* ¶ 36.)  Plaintiffs viewed and relied on the product packaging on which

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Defendants represented:

2                             TRUE HEPA

3                    Captures 99.97%* of particles

4                         0.3 microns and larger



**Figure 3 – Winix Model C545**

15   (*Id.* ¶ 40.)  All three named Plaintiffs are California citizens who purchased various Winix air

16   purifiers.  (*Id.* ¶¶ 10-14.)  Had Defendants not "warranted and represented that the Product[s] had

17   a HEPA filter, [they] would not have purchased the Product or would have paid substantially less

18   for it."  (*Id.* ¶¶ 10-15.)

19         Plaintiffs' counsel commissioned testing on both Filters A and S which determined the

20   products "do not meet or exceed HEPA-grade."  (*Id.* ¶42.)  Under the American IEST protocol,

21   "[t]o be classified as a HEPA filter, the filter must have a filtration efficiency of <u>at least</u> 99.97%"

22   when filtering particles ranging in size from 0.1 microns to 5.0 microns.  (*Id.* ¶ 46.)  Filter A "had

23   an efficiency of 99.603%" at particles 0.3 microns in size.  (*Id.* ¶ 48.)  And Filter S "never

24   exceeded 98.79% removal at any of the tested particle ranges."  (*Id.* ¶ 49.)  Plaintiffs' counsel also

25   commissioned testing under the EN1822 European protocol for Filter A to establish HEPA-grade

26   where a filter captures "the most penetrating particles" at a rate of 99.995% efficiency.  (*Id.* ¶ 45.)

27   Filter A performed at "93.480%" "at the most penetrating particle size (0.0453 microns)."  (*Id.* ¶

28   47.)

2

## II.    Procedural Background

Plaintiffs assert claims for (1) violation of California's Unfair Competition Law ("UCL"); (2) violation of California's False Advertising Law ("FAL"); (3) violation of California's Consumers Legal Remedies Act ("CLRA"); (4) fraud; (5) unjust enrichment; and (6) breach of express warranty.  (Dkt. No. 1 ¶ 9.)  Plaintiffs seek to represent a nationwide class and a California subclass.  The nationwide class is defined as "All natural persons in the United States who purchased a Winix 6300, P300, 5300, 5500, 5300-2, 6300-2, AM90, C909, 9800, C535 and C545 air purifier or replacement filter during the applicable statutory period."  (*Id.* ¶ 55.)  The California subclass is defined as "All natural persons who in California purchased a Winix 6300, P300, 5300, 5500, 5300-2, 6300-2, AM90, C909, 9800, C535 and C545 air purifier or replacement filter during the applicable statutory period."  (*Id.* ¶ 55.)

Defendants move to dismiss the complaint for failure to state a claim under Federal Rules of Civil Procedure 9(b), for failure to allege a sufficient basis for punitive damages, for lack of standing to pursue a nationwide class, lack of standing to sue over products not purchased by Plaintiffs, and for lack of standing to obtain injunctive relief.  (Dkt. No. 15.)  In opposition, Plaintiffs concede on punitive damages and request the Court grant leave to amend the complaint to reallege their punitive damages request.  (Dkt. No. 21 at 6.)

## ANALYSIS

## I.    Failure to State a Claim

Plaintiffs' California false advertising claims are governed by the "reasonable consumer standard" which requires a plaintiff plausibly allege "'members of the public are likely to be deceived'" by the defendants' marketing.  *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 777 (9th Cir. 2024) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).  "The touchstone under the 'reasonable consumer' test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers."  *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023).  Because Plaintiffs' "common law fraud, CLRA, FAL, and UCL causes of action are all grounded in fraud, the [complaint] must satisfy the traditional plausibility standard of Rules 8(a) and 12(b)(6), as well as the heightened pleading

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    requirements of Rule 9(b)."  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir.

2    2018).

3          Plaintiffs plausibly allege Defendants' marketing that its filters are "True HEPA" that

4    "capture 99.97% of particles 0.3 microns and larger" is likely to deceive members of the public.[2]

5    Accepting Plaintiffs' allegations as true, Plaintiffs' studies show the purifier filters do not "capture

6    99.97% of particles 0.3 microns and larger."  (Dkt. No. 1 ¶¶ 47-49.)  For example, in two studies

7    testing Filter A, the Filter did not exceed 99.97% removal for particles sized 0.2-03 microns, 0.3-

8    0.5 microns, and 0.5-0.7 microns.  (Dkt. No. 1 ¶ 48.) As tested, Filter S also does not exceed the

9    appropriate filtration efficiency at 0.3 microns, achieving only 98.79% filtration, short of the

10   99.97% on Defendant's marketing.  (*Id.* ¶ 49.) And while Defendants contest the propriety,

11   accuracy, and persuasiveness of Plaintiffs' tests, at the motion to dismiss stage, "complaints need

12   not 'show' or 'establish' anything."  *Locklin v. StriVectin Operating Co., Inc.*, No. 21-cv-07967-

13   VC, 2022 WL 867248, at *4 (N.D. Cal. Mar. 23, 2022).  So, Plaintiffs plausibly and sufficiently

14   allege reasonable consumers would be deceived by Defendants' "True HEPA" representation.

15         Defendants' insistence Plaintiffs are making an improper substantiation claim is

16   unpersuasive.  "California law does not allow private plaintiffs to demand substantiation for

17   advertising claims."  *Dachauer v. NBTY, Inc.*, 913 F.3d 844, 847 (9th Cir. 2019) (citing *Nat'l*

18   *Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal.App.4th 1336, 133

19   Cal.Rptr.2d 207, 213–14 (2003)). "Instead, a private plaintiff bears the burden of producing

20   evidence to prove that the challenged statement is false or misleading."  *Id.; see also Kwan v.*

21

22   _____

[2] In their complaint, Plaintiffs allege a HEPA-grade filter "must capture at least 99.97% of dust,
23   pollen, mold, bacteria, and any airborne particles with a[*sic*] sizes ranging from 0.1 to 0.3
     microns."  (Dkt. No. 1 ¶ 27.)  The EPA defines a HEPA filter as an "air filter [that] can
24   theoretically remove at least 99.97% of dust, pollen, mold, bacteria, and any airborne particles
     with a size of 0.3 microns (μm).  … The diameter specification of 0.3 microns corresponds to the
25   worst case … [p]articles that are larger or smaller are trapped with even higher efficiency … (i.e.
     99.97% or better for all particle sizes)."  United States Environmental Protection Agency, *What is
26   a HEPA filter?*, https://www.epa.gov/indoor-air-quality-iaq/what-hepa-filter (last updated Sept. 4,
     2024).  On the packaging of Defendants' products, Defendants state these filters "capture[s]
27   99.97% of particles 0.3 microns and larger."  (Dkt. No. 1 ¶ 40.)  For purposes of this motion,
     Plaintiffs accept that "True HEPA" means the filters "capture 99.97% of particles 0.3 microns and
28   larger."  (Dkt. No. 21 at 7.)

*SanMedica Int'l*, 854 F.3d 1088, 1096-97 (9th Cir. 2017) (affirming dismissal of a "substantiation claim" when the plaintiff merely alleged that the product was not clinically tested and the marketing claim was not based on credible scientific proof).

Plaintiffs here are not making a lack of substantiation claim; they allege the True HEPA representation is false because, based on actual testing, the filters do not meet HEPA standards. Indeed, "[u]nder California law, '[t]he falsity of … advertising claims may be established by *testing*, scientific literature, or anecdotal evidence.'" *Aloudi v. Intramedic Research Group, LLC*, 729 Fed. App'x 514, 516 (9th Cir. Dec. 15, 2017) (emphasis added) (quoting *King Bio*, 107 Cal. App. 4th at 1348). That Defendants' marketing states its HEPA representation is based upon "independent studies" does not transform Plaintiffs' falsity claim into one based on a lack of substantiation. Drawing all reasonable inferences from the allegations in Plaintiffs' favor, Defendants' "independent studies" do not show the filters are HEPA compliant in light of the alleged identified tests establishing they are not. To put it another way, Plaintiffs do not challenge the lack of substantiation for the "True HEPA" claim, but instead plausibly challenge the "actual falsehood" of the claim. *Kwan*, 854 F.3d at 1097.

So, Defendants' motion to dismiss the complaint for failure to state a claim is DENIED.

## II.    Standing

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "The three well-known 'irreducible constitutional minim[a] of standing' are injury-in-fact, causation, and redressability." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiffs bear the burden of demonstrating injury-in-fact that is "'redressable by a favorable ruling.'" *Id.* (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)).

Defendants challenge Plaintiffs' standing to (1) sue over eight products Plaintiffs themselves did not purchase, (2) bring a nationwide class action, and (3) obtain an injunction requiring Defendants conduct a corrective advertising campaign.

### a. Standing to Sue over the Eight Products Plaintiffs did not Purchase

Plaintiffs purchased three models of Defendants' air purifiers, and the purifiers they did not purchase use one of the two filters from these purifiers. (Dkt. No. 1 ¶¶ 10-15; 36.)

"[A] plaintiff has Article III standing for an unpurchased product only when there is 'substantial similarity' between the purchased and unpurchased products at issue." *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 907 (N.D. Cal. 2021) (citing *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2015 WL 2125004, at *10 (N.D. Cal. May 6, 2015); *see also Graham v. Central Garden & Pet Co.*, No. 22-cv-06507-JSC, 2023 WL 2744391, at *6 (N.D. Cal. Mar. 30, 2023) ("'[A] plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar.") (quoting *Miller v. Ghiradelli Chocolate Co.*, 912 F. Supp. 3d 861, 869 (N.D. Cal. 2012)); *Leonhart v. Nature's Path Foods, Inc.*, No. 13-cv-00492-BLF, 2014 WL 6657809, at *3 (N.D. Cal. Nov. 21, 2014)).

Plaintiffs allege sufficient similarity between the products they purchased and the unpurchased air purifiers to have standing to bring suit over the unpurchased products. Together, all the challenged products use the same two filters. (Dkt. No. 1 ¶ 36.) And Plaintiffs allege Defendants use the filter as the basis for its HEPA claims and the products all make the same misrepresentations. (*Id.*) Taking Plaintiffs' well-pleaded allegations as true, as the Court must, the products are substantially similar enough to provide standing to sue over these other products.

Defendants primarily challenge Plaintiffs' standing by challenging the "substantial similarity" doctrine as inconsistent with Article III's traceability requirements. (Dkt. No. 15 at 22-23.) The Court does not agree. While "the Ninth Circuit has not directly addressed 'substantial similarity' for purposes of consumer fraud-based class actions, district courts, driven by *Armstrong* have taken a broad approach." *Cimoli*, 546 F. Supp. 3d at 907; *see Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001). And while some courts in other districts have disagreed with the "substantial similarity" doctrine, "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are

United States District Court
Northern District of California

1   substantially similar." *Miller*, 912 F. Supp. 2d at 869. This doctrine is particularly appropriate

2   here since the injury—fraudulent misrepresentation—is traceable to the *same* filters for all the

3   alleged products about which Defendants made the *same* misrepresentations. *Cf. Graham*, 2023

4   WL 2744391 at *6 (finding four products with the same synthetic pheromones marketed to calm

5   cats were substantially similar and thus plaintiffs had standing to sue over the unpurchased

6   products).

7          Defendants' motion to dismiss claims for the products Plaintiffs did not purchase is

8   therefore DENIED.

9            **b. Nationwide Class**

10          Plaintiffs' complaint brings California consumer protection statute claims and general

11   common law claims for a putative nationwide class to be composed of "[a]ll natural persons in the

12   United States who purchased a Winix 6300, P300, 5300, 5500, 5300-2, 6300-2, AM90, C909,

13   9800, C535 and C545 air purifier or replacement filter during the applicable statutory period." (*Id.*

14   ¶ 55.) Defendants seek to strike the nationwide class claims given all named plaintiffs are

15   Californians.

16          As a preliminary matter, to the extent Plaintiffs seek to bring common law claims under

17   the laws of states other than California, those claims are dismissed without prejudice for lack of

18   standing. *See Humphrey v. J.M. Smucker Co.*, No. 22-CV-06913-WHO, 2023 WL 3592093, at *6

19   (N.D. Cal. May 22, 2023) ("[P]laintiffs do not have standing to bring claims under the laws of

20   states where they have alleged no injury, residence, or other pertinent connection") (internal

21   quotation marks and citations omitted)); *Forrett v. West Thomas Partners, LLC*, No. 22-cv-02048-

22   NC, 2023 WL 11991452, at *4-5 (N.D. Cal. Mar. 27, 2023) (dismissing class for states "with

23   similar consumer protection statutes to California" because the plaintiff lacked standing since "he

24   has not and cannot allege a connection to the ten jurisdictions where he does not reside and has not

25   purchased Defendant's products."); *Soo v. Lorex Corp.*, 20-cv-01437-JSC, 2020 WL 5408117, at

26   *10-11 (N.D. Cal. Sept. 9, 2020) (dismissing nationwide class for lack of standing when plaintiffs

27   "do not explain how they have standing to pursue claims under other states' laws; instead, their

28   opposition merely objects to the Court deciding the standing issue at this juncture."); *see also*

*Gunter v. Myers*, 2024 WL 1405387 at *1 (9th Cir. Apr. 2, 2024) (holding dismissals for lack of standing are dismissals for lack of subject matter jurisdiction and are therefore without prejudice). "This determination is proper at the current stage given the significant risks in allowing" claims with no plaintiff with standing to proceed. *Effinger v. Ancient Organics LLC*, 657 F. Supp. 3d 1290, 1301 (N.D. Cal. 2023).

The next question, then, is whether these California plaintiffs can represent and bring claims under California law on behalf of purchasers from the 49 states other than California. California's consumer protection laws may sometimes be invoked by out-of-state purchasers. *See In re iPhone 4S Consumer Litig.*, No. 12-cv-1127-CW, 2013 WL 3829653, at *7 (N.D. Cal. July 23, 2013). Whether these laws may be applied to interstate plaintiffs involves a two-step process:

> First, the plaintiff bears the onus to demonstrate the application of California law comports with due process. This involves establishing "sufficient contacts" between the alleged misconduct and the state. Second, the onus then shifts to the defendant to show that foreign law, rather than California law, should apply to these claims.

*Effinger*, 657 F. Supp. 3d at 1301 (cleaned up). Plaintiffs urge the Court not to address this question until class certification. But the Court is unpersuaded. At a minimum, before permitting costly nationwide discovery, Plaintiffs must allege facts that suggest California's laws might reach absent class members with no alleged connection to California. In *Effinger*, for example, the court deferred the nationwide class choice-of-law analysis to class certification because the plaintiffs adequately pleaded the defendant's wrongful conduct occurred in California, and the defendant had failed to show another forum's law should apply. *Id.* But here, Plaintiffs do not make sufficient allegations to suggest California law governs the out-of-state absent class members' claims. So, the nationwide class claims are dismissed with leave to amend. *See Hindsman v. General Motors LLC*, No. 17-cv-05337-JSC, 2018 WL 2463113, at *16 (N.D. Cal. June 1, 2018) ("[r]esolving the question now as a matter of case management is consistent with Federal Rule of Civil Procedure 1 which requires the court to construe the Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'").

### c. Injunctive Relief (Corrective Advertising Campaign)

"A plaintiff must demonstrate constitutional standing separately for each form of relief

requested." *Davidson*, 889 F.3d at 967 (citing *Friends of the Earth, Inc. v. Laidlaw Env't'l Servs.* *(TOC) Inc.*, 528 U.S. 167, 185 (2000)).  Plaintiffs seek "[a]n order requiring Defendant[s] to undertake a corrective advertising campaign." (Dkt. No. 1 at 24.)  Plaintiffs' written opposition does not address Defendants' insistence they lack standing to seek injunctive relief.  And in their complaint, Plaintiffs do not allege future injury in being unable to "rely on advertising in the future" or "any likelihood [they] will be deceived in the future." *Jackson v, General Mills, Inc.*, 18-cv-2634-LAB, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020).  And at the motion hearing, Plaintiffs concede they have not sufficiently pled standing to pursue this relief.  The Court therefore DISMISSES the request for Injunctive Relief without prejudice for lack of standing.

### III.    Punitive Damages

While Plaintiffs concede the dismissal of their punitive damages request, they also request leave to amend their complaint to properly allege this relief.  (Dkt. No. 21 at 6 n.3.)  Defendants do not address Plaintiffs concession in their Reply.  The Court therefore DISMISSES Plaintiffs' punitive damages request with leave to amend.

### CONCLUSION

For the above reasons,

1.  The Motion to Dismiss for Failure to State a Claim is DENIED.

2.  The Motion to Dismiss for Lack of Standing as to the eight products Plaintiffs did not purchase is DENIED.

3.  The Nationwide Class is DISMISSED with leave to amend.

4.  The Injunctive Relief claim is DISMISSED with leave to amend.

5.  The Punitive Damages claim is DISMISSED with leave to amend.

Any amended complaint shall be filed no later than February 10, 2025.

This Order disposes of Docket No. 15.

**IT IS SO ORDERED.**

//

United States District Court
Northern District of California

1     Dated: January 9, 2025

2

3

4                                                         JACQUELINE SCOTT CORLEY
                                                          United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28